UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------- x
YVONNE SPAULDING                     :
                                     :
                    Plaintiff,       :
                                     :
     -against-                       :     **MEMORANDUM AND ORDER**
                                     :
NEW YORK CITY DEPARTMENT OF          :     No. 12 Civ. 3041 (KAM)(VMS)
EDUCATION,                           :
                                     :
                    Defendant.       :
--------------------------------- x
**MATSUMOTO, United States District Judge:**

On June 13, 2012, plaintiff Yvonne Spaulding

("plaintiff") commenced this *pro se* action against defendants

New York City Department of Education ("DOE") and Principal

Emily Zucal, alleging claims of discrimination, retaliation,

hostile work environment, and constructive discharge in

violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C.

§ 2601 *et seq*., and the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. § 12101 *et seq*.  (See ECF No. 1, Complaint

("Compl.").)

Plaintiff later obtained counsel and filed a First

Amended Complaint on November 19, 2012 and a Second Amended

Complaint on March 13, 2013.  (ECF Nos. 11, First Amended

Complaint ("FAC"); 16, Second Amended Complaint ("SAC").)

Defendant Zucal is not named in the Second Amended Complaint;

thus, because amended complaints completely replace any

previously filed complaints, the court deems all prior claims

against defendant Zucal abandoned. *See Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267, 273 (D. Conn. 2007) ("[I]f a party voluntarily omits a certain claim from an amended complaint that the party raised in the original complaint, the party is bound by the amended complaint and cannot proceed on the omitted claims because they are no longer a part of the operative complaint.").

After discovery was completed, defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the fully-briefed motion was referred to Magistrate Judge Vera Scanlon for a Report and Recommendation on September 16, 2014. (*See* Order dated 9/16/2014.) On February 19, 2015, Judge Scanlon issued a Report and Recommendation recommending that this court grant defendant's motion for summary judgment with respect to all of plaintiff's claims, with the exception of plaintiff's claim for FMLA retaliation based on her receipt of negative performance reviews and letters-to-file. (*See* ECF No. 57, Report and Recommendation dated 2/19/2015 ("R & R") at 1.)

The parties timely filed their objections to Judge Scanlon's R & R on March 10, 2015. (ECF Nos. 47, Plaintiff's Objections ("Pl. Objs."); 48, Defendant's Objections ("Def. Objs."). Plaintiff amended her objections on March 12, 2015 to include a table of authorities. (ECF No. 49, Plaintiff's Amended Objections.) On March 13, 2015 and March 18, 2015, the

parties filed consent motions for extensions of time to file their respective responses to the objections, advising the court that the parties were engaged in settlement negotiations. (ECF Nos. 50, 51, Consent Motions for Extension of Time to Respond to Objections.) The court granted both of the motions for extensions. On March 20, 2015, the court terminated defendant's motion for summary judgment without prejudice to renew in light of the parties' repeated indication of their ongoing settlement negotiations, and ordered the defendant to renew its motion if the parties were unable to reach a settlement. (Order dated 3/20/15.) Despite attending several settlement conferences before Judge Scanlon on May 5, 2015, May 21, 2015, and May 28, 2015, the parties were unable to reach a settlement, and defendant renewed its motion for summary judgment. (*See* Minute Entry dated 5/5/15, Minute Entry dated 5/21/15, and Minute Entry dated 5/28/15.) On June 12, 2015, the parties filed their respective responses in opposition to the objections. (ECF Nos. 55, Defendant's Reply ("Def. Reply"); 56, Plaintiff's Reply ("Pl. Reply.").)

For the reasons set forth below, the court adopts Judge Scanlon's comprehensive and well-reasoned Report & Recommendation in its entirety, and grants defendants motion for summary judgment with respect to plaintiff's FMLA interference claim, ADA and FMLA discrimination claim, ADA

retaliation claim, hostile work environment claim, and constructive discharge claim.  The court denies defendant's motion for summary judgment with respect to plaintiff's FMLA retaliation claim.

## STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error."  *Zaretsky v. Maxi-Aids, Inc*., No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection"); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).  The district court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous."

*Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1
(S.D.N.Y. July 31, 1995) (Sotomayor, J.) (citation and internal
quotation marks and brackets omitted).

Furthermore, even on *de novo* review of specific
objections, the court "will not consider 'arguments, case law,
and/or evidentiary material which could have been, but [were]
not, presented to the magistrate judge in the first instance.'"
*Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y.
Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006
WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)); *see Hynes v.
Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (noting that the
Second Circuit has upheld the exercise of the district court's
discretion in refusing to allow supplementation of the record
upon the district court's *de novo* review of a magistrate judge's
report and recommendation); *Paddington Partners v. Bouchard*, 34
F.3d 1132, 1137 (2d Cir. 1994) ("In objecting to a magistrate's
report before the district court, a party has "no right to
present further testimony when it offer[s] no justification for
not offering the testimony at the hearing before the
magistrate.").

## DISCUSSION

The court presumes familiarity with the underlying
facts and procedural history as set forth in more detail in
the Report & Recommendation. (*See* R & R at 1-7.) Those

undisputed facts, except where noted, are repeated here only to the extent necessary to inform the court's analysis.

Plaintiff raises objections to the findings and recommendations in Judge Scanlon's Report & Recommendation, with regard to her FMLA interference, FMLA and ADA discrimination, ADA retaliation, hostile work environment, and constructive discharge claims. Defendant objects only to the R&R's recommendation that defendant's summary judgment motion should be denied with respect to plaintiff's FMLA retaliation claim. The court will address each objection in turn.

## I.    Supplementation of the Record

In each of her objections, plaintiff repeatedly seeks to "supplement the record" in order to "correct inconsistencies that were material in the [R & R]." (Pl. Objs. at 1.) Specifically, plaintiff seeks to submit the following: (1) "supplementation . . . to explain the inconsistencies such as Plaintiff's diagnosis of a thyroid problem that later developed into cancer which was diagnosed on March 2010, as opposed to March 2011"; (2) evidence that plaintiff did not have benefits for the months of July 2010 and August 2010[1]; (3) production of the United Federation of Teachers ("UFT") contract which plaintiff "understand[s] . . . states the consequences regarding the freezing of a teacher's salary for receiving a 'U' at the

---

[1] Plaintiff does not identify what evidence she seeks to submit as evidence that she did not have benefits for the months of July and August 2010.

end of the year"; (4) production of the Chancellor regulation A-420 which plaintiff alleges does not detail the manner in which toys may or may not be confiscated; and (5) production of "docked [pay]checks as well as a check with the correct amount that Plaintiff should have been paid so that the differing amounts could be calculated." (Pl. Objs. at 4-7.) Plaintiff offers no justification as to why the supplemental evidence was not provided in her submissions in opposition to defendant's summary judgment motion. Indeed, defendant's responses to plaintiff's objections indicate that plaintiff failed to produce some of the evidence during discovery she now seeks to add to the record. (Def. Reply at 2.)

Plaintiff erroneously asserts that "it is well settled that under F.R.C.P. [*sic*] 10 if anything material is omitted from the record or is misstated therein, the parties may at any time supply the omission or correct the misstatement." (Pl. Objs. at 3.) Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 10, however, governs the form of pleadings in civil proceedings in the United States district courts. *See also* Fed. R. Civ. P. 1, 10. Federal Rule of *Appellate* Procedure ("Fed. R. App. P.") 10(e)(2) governs the correction and supplementation of the record *on appeal*, and does not apply to district court review of a magistrate judge's report and recommendation. Fed. R. App. P. 1(a)(1); Fed. R. App. P. 10(e). Nor does plaintiff

cite any authority to suggest that it does.  Although plaintiff

relies on *United States v. Zichettello*, 208 F.3d 72, 93 (2d Cir.

2000), *Zichettello* addresses supplementation of the record on

appeal, and does not extend Fed. R. App. P. 10(e) to the review

by district courts of Reports and Recommendations by Magistrate

Judges.  Moreover, Fed. R. App. P. 10(e) only applies to

situations where "any difference arises about whether the record

truly discloses what occurred in the district court" or where

"anything material to either party is omitted or misstated in

the record by error or accident."  Fed. R. App. P. 10(e).  As

discussed *infra,* the accuracy of the record before Judge Scanlon

is not in dispute, and plaintiff's belated request to supplement

the record with additional evidence is without legal basis and,

in any event, immaterial to the court's analysis.

"A district court conducting a *de novo* review of a

magistrate judge's report and recommendation is *permitted, but*

*not required*, to supplement the record by entertaining

additional evidence."  *VOX Amplification Ltd. v. Meussdorffer*,

50 F. Supp. 3d 355, 368 (E.D.N.Y. 2014) (citing *E.F. ex rel.*

*N.R. v. New York City Dep't of Educ.,* No. 11-CV-5243, 2014 WL

1092847, at *5 (S.D.N.Y. Mar. 17, 2014)) (emphasis added); *see*

*also Hynes*, 143 F.3d at 656 (noting that the Second Circuit has

upheld the exercise of the district court's discretion in

refusing to allow supplementation of the record upon the

district court's *de novo* review of a magistrate judge's report and recommendation). "Generally, courts do not consider such 'new arguments' or new evidence 'raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" *Chalasani v. Daines,* No. 10-CV-1978, 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 26, 2011); *Illis v. Artus,* No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)). Thus, "[a]bsent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be permitted." *VOX Amplification*, 50 F. Supp. 3d at 368 (quoting *Hous. Works, Inc. v. Turner,* 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005)) (alterations in original) (internal citation omitted); *see Paddington Partners*, 34 F.3d at 1137 ("In objecting to a magistrate's report before the district court, a party has "no right to present further testimony when it offer[s] no justification for not offering the testimony at the hearing before the magistrate.").

The evidence that the plaintiff now seeks to present could have been, but was not, submitted and presented before the extensive and thorough R & R was issued. Plaintiff has offered no compelling reason, if any, why the proposed evidence was not previously included in her opposition submission, other than stating that she was not asked about certain facts – i.e. her cancer diagnosis – and inadvertent error. Indeed, plaintiff admits that some proposed evidence, such as the UFT contract, was provided during discovery and that she failed to submit it in support of her opposition to defendant's motion. (Pl. Objs. at 5.) "Considering evidence that could have been presented before the magistrate judge but was inadvertently omitted would reward careless preparation of the initial papers." *E.F. ex rel. N.R. v. New York City Dep't of Educ.*, No. 11-CV-5243, 2014 WL 1092847, at *5 (S.D.N.Y. Mar. 17, 2014) (citing *Housing Works, Inc. v. Turner,* 362 F. Supp. 2d 434, 438 n.8 (S.D.N.Y. 2005) (internal quotation marks omitted) (finding that "inadvertent and unintentional mistake" was not a "most compelling reason"). Accordingly, the court finds no compelling reason to admit plaintiff's proposed supplemental evidence into the record, given her counsel's failure to offer a sufficient reason warranting such relief.

Plaintiff failed to submit her proposed supplemental evidence to Judge Scanlon in her opposition papers, and did not

seek leave to supplement her submission during the five months between the filing of the instant motion and the preparation of Judge Scanlon's 127-page R & R.  Plaintiff has not provided a "most compelling reason" for her failure to do so.  In any event, as discussed *infra,* the purported "new evidence" would not compel a conclusion different from the recommendation of the R & R.  The court therefore declines to consider plaintiff's untimely and immaterial proposed submissions.

## II.  Plaintiff's FMLA Interference Claims

Plaintiff objects to the R & R's recommendation that summary judgment be granted with respect to plaintiff's FMLA interference claim.  Specifically, plaintiff argues that Judge Scanlon erred in finding that plaintiff's "thyroid tumor with voice pathology that developed into cancer" was not a serious health condition within the meaning of the FMLA, and that the R & R erred in concluding that plaintiff did not receive continuous treatment for her condition.  (Pls. Objs. 8-9.) Moreover, plaintiff argues that the R&R erroneously relied on a finding that plaintiff did not receive benefits only during her leave in May and June 2010, although she was allegedly denied health benefits for the months of July and August 2010.  (*Id.* at 4.)  Finally, plaintiff argues that defendant is estopped from arguing that plaintiff did not qualify for FMLA leave when

defendant ultimately approved plaintiff's FMLA request for May 17, 2010 through June 28, 2010. (*Id.* at 10.)

First, on *de novo* review, the court agrees with the R & R's determination that "even without knowing the date of Plaintiff's first date of incapacity, Plaintiff cannot demonstrate that she saw a health provider two or more times within thirty days of becoming incapacitated, as her relevant visits to Dr. Mehta occurred on February 17, 2010, over a month later on March 24, 2010, and several months later in December 2010." (R & R at 57.) Plaintiff submits no medical evidence supporting her assertion that her "thyroid tumor with voice pathology . . . developed into cancer." (Pls. Objs. at 4.) Indeed, plaintiff misunderstands the elements that must be met to establish plaintiff's entitlement to FMLA leave, and that it is not sufficient merely to allege that she has a "serious health condition" without providing evidence to establish that she has met the treatment requirements for her health condition under the regulations.

Thus, because plaintiff has not submitted evidence from which a reasonable factfinder could find that plaintiff satisfied the specific "continuing treatment" requirements of 29 C.F.R. § 825.115(a), the court finds, as did the R & R, that plaintiff cannot establish a "serious health condition." The court respectfully denies plaintiffs objections to the R & R's

determination that "the record before the Court does not demonstrate that Plaintiff could establish a serious health condition, as that term is defined under 29 C.F.R. § 825.115(a)." (R & R at 59, 62-63.)

The court also denies on *de novo* review plaintiff's objection that the R & R failed to consider that plaintiff's health benefits were temporarily cancelled during the months of July and August 2010, in determining that the temporary cancellation of plaintiff's health benefits did not raise a triable issue regarding FMLA interference. Based on evidence in the record, the R & R correctly determined that plaintiff "was provided health benefits through July 26, 2010, and when she returned to work" in September.[2] (R & R at 67.) As discussed thoroughly in the R & R, the "FMLA did not require the DOE to provide plaintiff with health benefits after she failed to work following the completion of her approved leave."[3] (*Id.*) It is undisputed that for the period between July 26, 2010 and when plaintiff returned to work at the beginning of the 2010-2011 academic year, plaintiff failed to identify any benefit program or plan that entitled her to continued coverage after her FMLA

---

[2] Although plaintiff withdrew her request for medical arbitration claim on June 29, 2010, plaintiff's benefits were not actually terminated until July 26, 2010. (Affidavit of Stewart Lee Karlin ("Karlin Aff.") Ex. 13 at 4, Termination of Health Benefits received from EEOC dated 7/26/10.)

[3] This court agrees with the R & R that plaintiff did not return to work by the end of the 2009-2010 academic year. (R & R at 26.) Plaintiff was originally granted FMLA leave from April 15, 2010 until May 17, 2010, however, her application for FMLA leave was retroactively approved in March 2011 for the period April 15, 2010 through June 28, 2010.

leave concluded on June 28, 2010, and after she withdrew her
request for medical arbitration on June 29, 2010.  The court
agrees with the R & R that plaintiff failed to allege or proffer
evidence of any health-related costs between July 26, 2010 and
the start of the 2010-2011 academic year, or that she forewent
any medical treatment because she was not covered, or that she
experienced any denial of benefits due to her lack of coverage
during this time period.  (R & R at 67.)

    Finally, the court overrules plaintiff's objections
with respect to Judge Scanlon's finding that plaintiff failed to
submit evidence to establish any of the three elements required
for an estoppel claim relating to the defendants approval of her
FMLA request.  (Pl. Obj. at 10; *see* R & R at 62.)  As explained
in detail in the R & R, plaintiff failed to allege, or submit
evidence from which a jury could find, that she took any action
in detrimental reliance on defendant's representations.  (R & R
at 61-62.)  Simply alleging in a conclusory fashion that she
"reasonably and detrimentally relied on the FMLA approval"
without any supporting evidence is not sufficient to establish a
*prima facie* case of estoppel such that plaintiff is relieved
from a showing that she was qualified for FMLA leave.  *Hooker v.
Fournier*, 29 F. App'x 641, 643 (2d Cir. 2002) (citing *Fletcher
v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir.1995)) ("[M]ere
conclusory allegations . . . in legal memoranda or oral argument

14

are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist."). Thus, even assuming plaintiff were able to show, or was relieved from showing, that she was qualified for FMLA leave, for the reasons set forth herein and in Judge Scanlon's well-reasoned R & R, plaintiff has failed to submit evidence that defendant interfered with her rights under the FMLA. (R & R at 63.)

Furthermore, even if the court were to consider plaintiff's proposed new evidence, her FMLA interference claim would still fail. Even assuming that plaintiff's proposed evidence could establish a thyroid tumor or cancer diagnosis in March 2010 and assuming that plaintiff could present evidence of her unsupported allegations with respect to her treatment by Dr. Mehta, plaintiff is still unable to meet the treatment requirements outlined in 29 C.F.R. § 825.115(a), and thus unable to establish a "serious health condition," or meet the "treatment requirements" as defined under 29 U.S.C. §§ 2611(11), 29 C.F.R. §§ 825.114(a) and 825.115(a). (*See* R & R at 57-58.)

Moreover, whether or not plaintiff's paychecks were initially "docked," it is undisputed that her paycheck deductions were "soon resolved" and plaintiff was ultimately compensated for those deductions in September 2010. (R & R at 68.) Thus, her paychecks were merely delayed and plaintiff was soon restored to the terms and conditions of her prior

employment.  (R & R at 66.)  *See* 29 U.S.C. § 2614; *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) ("The FMLA provides that at the end of an employee's leave the employee has the right to return to the position he held before the leave or its equivalent."); *see also Smith v. Westchester Cnty.*, 769 F. Supp. 2d 448, 467 (S.D.N.Y. 2011) (noting that even if plaintiff were able to establish a claim for FMLA interference, he could only recover damages to the extent that he was harmed as a result of the violation and that the FMLA "provides for compensatory damages equal to the amount of wages, salary, employment benefits, or other compensation the employee was denied or lost"); *Alessi v. Monroe Cnty.,* No. 07-CV-6163, 2010 WL 161488, at *7 (W.D.N.Y. Jan. 13, 2010) (noting that an "employee can only recover to the extent that the [FMLA] violation caused him injury").

Accordingly, the court respectfully overrules plaintiff's objections and adopts the R & R's recommendation that summary judgment be granted with respect to plaintiff's FMLA interference claim.

## III. Plaintiff's ADA Discrimination and Retaliation Claims

Plaintiff's third objection disputes the R & R's findings that plaintiff did not suffer an adverse action for the purposes of her ADA discrimination and retaliation claims and that plaintiff is unable to establish an inference of

retaliatory animus with respect to both her ADA discrimination and retaliation claims. (*See* Pl. Objs. at 11-20.) The court applies the same burden-shifting framework established by *McDonnell Douglas* to ADA discrimination and retaliation claims. *See Turner v. Eastconn Reg'l Educ. Serv. Ctr.*, 588 F. App'x 41, 42 (2d. Cir. 2014) (applying burden-shifting framework to ADA discrimination claims); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (applying burden-shifting framework to ADA retaliation claims); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

The standards for a *prima facie* showing in an ADA discrimination case and retaliation case differ in the determination of what constitutes an adverse action. In the ADA retaliation context, an adverse action need not be related to the plaintiff's workplace or employment, and plaintiff must only establish that the alleged adverse action would deter a reasonable person from engaging in protected activity. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (finding that materially adverse employment action" for purposes of Title VII retaliation claims to require that a plaintiff show only "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."). Therefore,

the court will address plaintiff's objections to these claims together, but note where the divergence in law requires a different result.

The majority of plaintiff's objections reiterate the arguments already raised in her opposition to defendant's motion for summary judgment. Indeed, plaintiff re-argues that her unsatisfactory ratings ("U-ratings"), negative performance reviews, multiple letters to file, denial of training, denial of health benefits during July and August 2010, and reduction in paychecks constitute adverse employment actions in both the discrimination and retaliation context. (*See* Pl. Objs. at 11-17; Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp.") at 12-16, 22-24.) Plaintiff also restates her argument that the alleged false accusation of sexual conduct with a student constitutes an adverse employment action because it "completely destroyed Plaintiff's professional reputation and emotional wellness." (Pl. Objs. at 17.)

Plaintiff further contends that the R & R erred in finding that plaintiff's U-rating did not constitute an adverse action because plaintiff failed to submit evidence of her entitlement to a raise absent receipt of her U-Rating in 2010. Plaintiff further contends that the UFT contract, which plaintiff seeks to admit at this late stage, establishes her entitlement to an annual raise absent the receipt of a U-rating.

(Pl. Objs. at 5, 15). Even in light of plaintiff's proposed additional evidence, the court agrees with the R & R's determination that plaintiff is unable to establish that her U-rating constituted an adverse action for the purposes of her discrimination claim. Indeed, whether or not plaintiff's employment contract states that the receipt of a U-rating would preclude her from receiving a salary raise, she did not establish that, absent a U-rating, a salary raise would have been available and she would otherwise be entitled to receive an annual salary raise. (*See* R & R at 75 (citing *Carmellino v. Dist. 20 of N.Y.C. Dep't of Educ.*, No. 03-CV-5942, 2006 WL 2583019, at *28 (S.D.N.Y. Sept. 6, 2006), *aff'd in part sub nom. Mauskopf v. Dist. 20 of N.Y.C. Dep't of Ed.*, 299 F. App'x 100 (2d Cir. 2008), *and aff'd in part sub nom. Papasmiris v. Dist. 20 of N.Y.C. Dep't of Ed.*, 299 F. App'x 97 (2d Cir. 2008)).) Thus, plaintiff has not established that the terms and conditions of her employment were affected by the U-rating for the purposes of her discrimination claim.

The R & R determined that plaintiff had presented evidence of an adverse action for the purposes of her ADA retaliation claim based on her negative performance reviews and U-ratings that post-dated plaintiff's protected activity (i.e., her EEOC complaint, filed on or about July 2, 2010). This court agrees with the R & R that a factfinder could conclude that the

receipt of a quantity of negative reviews would dissuade a reasonable person from complaining of unlawful activity. (R & R at 27, 88-91.) The R & R, however, determined that these adverse actions did not occur in circumstances supporting an inference of ADA retaliation because the protected activity under the ADA was not temporally proximate to the claimed retaliation.[4]

Indeed, though plaintiff presented evidence of an adverse action for the purpose of her ADA retaliation claims, plaintiff failed to establish an inference of discrimination or retaliation, and failed to meet her burden to rebut defendant's legitimate, non-discriminatory reasons for the allegedly adverse actions at the final step of the *McDonnell-Douglas* burden shifting framework. (*See* R & R at 84 (noting that burden-shifting analysis with respect to discrimination claim is analyzed with retaliation claim); 104-114 (discussion of plaintiff's retaliation claims)); *see McDonnell Douglas,* 411 U.S. at 792. Although plaintiff also objects to the R & R's finding that her alleged adverse actions did not occur in

---

[4] As discussed *infra* in Section V, although the R & R found that the temporal proximity of plaintiff's protected activity for the purposes of her FMLA retaliation claim – informing Principal Zucal and Assistant Principal Bernard of her intent to take FMLA leave on March 24, 2010 – and certain negative performance reviews and the taped telephone call with Principal Zucal supported an inference of FMLA retaliation, the same reasoning, did not apply to plaintiff's ADA retaliation claim. Plaintiff's protected activity under the ADA – plaintiff's EEOC charge – occurred on July 2, 2010 and postdates her taped telephone call with Principal Zucal, which occurred on June 4, 2010; thus plaintiff could not rely on temporal proximity to support an inference of retaliation under the ADA. (*See* R & R at 103.)

circumstances raising an inference of ADA discrimination and retaliation, plaintiff's objections raise the same arguments as those in her opposition submission and rely on the same assertions in support of her argument that the evidence demonstrates discriminatory and retaliatory intent giving rise to an inference of discrimination. (*See* Pl. Objs. at 18-21; Pl. Opp. at 16-19, 24-26.)

Because plaintiff's objections fail to address the R & R's legal conclusions and instead make largely conclusory assertions that reiterate factual allegations and arguments already presented to Judge Scanlon, and that have been thoroughly addressed in the R & R, the court overrules plaintiff's objections, having found no clear error in Judge Scanlon's reasoning and conclusions with respect to plaintiff's ADA discrimination and retaliation claims. *See Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Associates, Inc.*, No. 06-CV-105, 2013 WL 1334164, at *3 (E.D.N.Y. Mar. 29, 2013). In any event, the court also agrees, upon a *de novo* review, with the R & R's determination that plaintiff has failed to allege that she was subject to adverse actions that occurred in circumstances giving rise to an inference of ADA discrimination or retaliation.

Finally, even if the court considered plaintiff's proposed supplemental evidence in support of her ADA discrimination and retaliation claims, a different conclusion

would not be warranted.  Accordingly, the court respectfully overrules plaintiff's objections with respect to her ADA discrimination and retaliation claims and adopts the R & R's recommendation that the court grant summary judgment in favor of defendant.

## IV.  Plaintiff's Hostile Work Environment and Constructive Termination Claims

In her fourth objection, plaintiff argues that, with respect to her hostile work environment and constructive termination claims, Judge Scanlon failed to consider the "totality of the circumstances" and evaluate the impact of the separate incidents which may create a hostile work environment in the aggregate.  (Pl. Objs. at 24.)  Again, as she did in her summary judgment opposition submission, plaintiff points to her negative reviews and observations, negative evaluations, and the "false sexual allegation that tarnished Plaintiff's reputation" coupled with the "denial of health benefits" and "docked of pay checks [*sic*]" as sufficient evidence of a hostile work environment.  Judge Scanlon has thoroughly considered and specifically addressed the totality of plaintiff's allegations, and rejected all of the arguments reiterated in plaintiff's fourth objection.  (*See* R & R at 116-123; *see also* Pl. Opp. 29-30.)  Accordingly, plaintiff's fourth objection constitutes an explicit attempt to re-litigate arguments already raised and

considered by Judge Scanlon.  The court has reviewed the portions of Judge Scanlon's R & R challenged in plaintiff's fourth objection for clear error and *de novo*.  *Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Associates, Inc.*, No. 06-CV-105, 2013 WL 1334164, at *3 (E.D.N.Y. Mar. 29, 2013) (citing *Caldarola v. Town of Smithtown,* No. 09-CV-272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr.4, 2011) ("[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (internal quotation marks omitted)); *see also Zaretsky,* 2012 WL 2345181, at *1.

The court has carefully reviewed Judge Scanlon's thorough and well-reasoned R & R, the record in this case, and the relevant case law.  The court finds both on clear error and *de novo* review that Judge Scanlon properly recommended that summary judgment should be granted with respect to plaintiff's hostile work environment and constructive discharge claims, because plaintiff has not met her burden of demonstrating severe or pervasive hostile conduct under either a stricter or more lenient standard for retaliatory hostile work environment. Accordingly, plaintiff's fourth objection is overruled and summary judgment is granted on plaintiff's hostile work environment and constructive discharge claims.

## V.    Plaintiff's FMLA Retaliation Claims

Defendant objects to the R & R's finding that plaintiff presented sufficient evidence for a jury to find that plaintiff established a *prima facie* case for FMLA retaliation, and recommended denial of summary judgment with respect to plaintiff's FMLA retaliation claim.  Defendant argues that the record does not support a finding that plaintiff's negative performance reviews occurred under circumstances raising an inference of retaliation.  (Def. Objs. at 2.)  Specifically, defendant argues that the record is "replete with documented instances of plaintiff's poor classroom performance predating any FMLA protected activity," thus an inference of retaliation may not be based on temporal proximity.  (*Id.*)  Indeed, Judge Scanlon acknowledged that plaintiff's unsatisfactory ratings began in October 2009, approximately five months prior to plaintiff's protected activity of notifying her employer of her intention to request leave under the FMLA, and that, under *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d. Cir. 2001), plaintiff must adduce additional grounds for an inference of retaliation.  (R & R at 95.)  Judge Scanlon found that such evidence of additional grounds existed due to plaintiff's June 4, 2010 taped phone conversation with Principal Zucal and the fact that Principal Zucal left blank the question

on the U-rating form regarding plaintiff's attendance. (R & R at 101—04.)

With regard to the June 4, 2010 taped phone conversation and blank answer on the U-rating form, defendant objects to the R & R's conclusion that a factfinder may reasonably conclude from Principal Zucal's words that she improperly considered plaintiff's FMLA leave as a factor in her decision to issue a U-rating and that a factfinder may draw inferences for either party with regard to the blank answer on the U-rating form. (Def. Objs. at 2-3.) In support, defendant makes the same arguments already articulated in its moving and reply submissions, namely that Principal Zucal's remarks, taken in the context of plaintiff's disciplinary history, do not support an inference of retaliatory animus. (Def. Objs. at 3; Def. Mem. at 15-16; Def. Reply at 6.) Thus, finding no clear error in, and on *de novo* review no reason to disturb, the R & R's findings and conclusions, the court respectfully overrules defendant's objections to the R & R's conclusion that plaintiff has stated a prima facie case of FMLA retaliation.

Furthermore, defendant argues that, even assuming *arguendo* that plaintiff had presented evidence of a *prima facie* case of FMLA retaliation, defendant set forth legitimate, non-retaliatory business reasons for plaintiff's negative performance reviews "namely, her well-documented and woefully

poor performance as a teacher for the DOE" and that "plaintiff
still cannot show that defendant's reasons for continuing to
issue negative performance evaluations to plaintiff were pre-
textual, or otherwise motivated by impermissible retaliatory
animus." (Def. Objs. at 2-3.) Defendant argues that
plaintiff's proof for establishing a prima facie case of
retaliation was "anemic," whereas the "quality and quantum of
defendant's factual basis for issuing the negative evaluations
is overwhelming." (Def. Objs. at 4.)

The court is not persuaded by and respectfully
overrules defendant's objections. Judge Scanlon thoroughly
reviewed the evidence that defendant presented in support of its
non-discriminatory purpose, including the substantial evidence
in the record that plaintiff received negative performance
reviews and disciplinary reports prior to her request for FMLA
leave, before finding that "drawing all inferences in the light
most favorable to Plaintiff, Principal Zucal's comments provide
evidence from which a reasonable juror could infer retaliatory
animus" sufficient to establish that defendant's allegedly non-
discriminatory reasons were pretextual. (R & R at 111-12.) The
R & R concluded that plaintiff's evidence was sufficient to meet
the burden under either a motivating factor or but-for standard
of causation. (R & R at 115.) Although defendant argues that
its "overwhelming" evidence outweighs plaintiff's "anemic" prima

facie case, the court agrees with Judge Scanlon's conclusion that, upon a review of the record, plaintiff has met its minimal burden of showing that a factfinder could reasonably conclude defendant's actions could support a finding that defendant's proffered non-discriminatory reason is pretext for retaliation. Moreover, it is the jury, not the court, that weighs the evidence and resolves the issues of fact. Accordingly, the court overrules defendant's objections and adopts the R & R with respect to plaintiff's FMLA retaliation claim.

## CONCLUSION

Upon a careful clear error and *de novo* review of the record and Judge Scanlon's well-reasoned and thorough Report and Recommendation, the court denies plaintiff's and defendant's objections, and affirms and adopts the Report and Recommendation in its entirety as the opinion of the court. Thus, for the reasons set forth above and in Judge Scanlon's comprehensive R & R, the court grants defendant's motion for summary judgment with respect to plaintiff's FMLA interference claim, FMLA and ADA discrimination claims, ADA retaliation claim, hostile work environment claim, and constructive discharge claim. The court denies defendant's motion for summary judgment with respect to plaintiff's FMLA retaliation claim.

Moreover, the court deems as abandoned and dismisses any claims which may be based on the following allegations,

which Judge Scanlon noted as abandoned in her R & R, and which neither party addressed in their summary judgment submissions or in their objections to the R & R: (1) plaintiff's allegedly unlawful denial of her opportunity to rescind her resignation; (2) an email that was removed from and a "log of assistance" that was placed in plaintiff's personnel file; (3) defendant's purported lack of response to plaintiff's letter to Human Resources concerning alleged discrimination[5]; and (4) defendant's assignment of other teachers to help teach plaintiff's students. *See, e.g., Codrington v. City of New York*, No. 12-CV-01650, 2015 WL 893567, at *14 (E.D.N.Y. Mar. 2, 2015) (deeming claims abandoned where plaintiff failed to address defendant's arguments in her opposition); *Carrillos v. Inc. Vill. of Hempstead*, No. 11-CV-5775, 2015 WL 728244, at *17 (E.D.N.Y. Feb. 20, 2015) (same). The parties shall confer and submit a joint status letter by October 2, 2015 on how they intend to proceed.

**SO ORDERED.**

**Dated**:     September 21, 2015
              Brooklyn, New York

                                    _____/s/_____
                                    **Kiyo A. Matsumoto**

---

[5] As noted in the R & R, this letter is not in the record.