Yvonne Spaulding Re: 12 Civ. 3041 (LDH) (VMS)

Please find the following supporting documents:

- May 2011 email from Susan Dombrow regarding the code that I resigned pending charges.
- May 2011 closing memorandum written by Mr. Dennis DaCosta regarding the problem code.
- Employee information document indicating the problem code.
- May 2011 letter written by Ms. Zucal to Amador Jamie stating that the Teacher's Performance Unit never accepted my case to determine whether or not I would receive educational charges of incompetence.
- April 2014 denial of application to work for a vendor of the DOE based on pending 3020-a charges of incompetence.
- August 2014 letter from Katherine Rodi sustaining the denial of employment with a DOE vendor.
- November 2014 letter from Laurie Cumbo regarding DOE claim that I signed an agreement to resign irrevocably.
- July 2016 Office of Personnel Investigation log sheet regarding the need for a job offer in order to be approved for employment.
- June 2016 Employment Verification document indicating a voluntary separation from the DOE.
- December 2015 email from Mr. Karlin that contains a copied/pasted excerpt from the Defendant proposing that I resign irrevocably and refusing to negotiate any problem flags.
- December 2015 email correspondence showing settlement proposal.
- December 2015 email response from Sean Reneghan to Mr. Karlin indicating that my settlement proposal lacked an agreement to resign irrevocably.
- December 2015 email from Mr. Karlin that indicates there are four possible problem codes.
- April 2016 letter written by Defendant Sean Renaghan to the Honorable LaShann DeArcy Hall indicating (on page 2) that my employment record with the DOE shows that I did not provide thirty days notice when I resigned and that I resigned in lieu of facing disciplinary charges.

**Campbell Victoria**

| | |
|---|---|
| From: | Dombrow Susan |
| Sent: | Thursday, May 19, 2011 1:42 PM |
| To: | Zucal Emily; Trejo Jonathan |
| Cc: | Rabot Joann; Campbell Victoria; Campbell Victoria; OPI Ineligible List; OPI Reassigned Staff; Perkins-Colon Francine; Gordon Andrew; Schlenoff Edward; Smith Theresity; Galarza Carmen; Amador Jamie; Conforme Veronica; Esquilin Adriane; Batson Lisa; Conyers Donald; Moser Karen; Nell Margarita; Zucal Emily; Santiago Evelyn; Miles Suzanne; Fanizzi Thomas; Trejo Jonathan; 'dmarriot@mail.nysed.gov'; Lamont Naeemah; Boyce Roshawn |
| Subject: | RE: YVONNE SPAULDING CLOSING MEMORANDUM, File #657470, SS#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 |

Therefore, please enter the code that she resigned pending charges.

**From:** DaCosta Dennis
**Sent:** Thursday, May 19, 2011 1:26 PM
**To:** Zucal Emily
**Cc:** Rabot Joann; Campbell Victoria; Campbell Victoria; OPI Ineligible List; OPI Reassigned Staff; Perkins-Colon Francine; Gordon Andrew; Schlenoff Edward; Smith Theresity; Galarza Carmen; Amador Jamie; Conforme Veronica; Esquilin Adriane; Batson Lisa; Conyers Donald; Moser Karen; Nell Margarita; Zucal Emily; Santiago Evelyn; Dombrow Susan; Miles Suzanne; Fanizzi Thomas; Trejo Jonathan; dmarriot@mail.nysed.gov; Lamont Naeemah; Boyce Roshawn
**Subject:** YVONNE SPAULDING CLOSING MEMORANDUM, File #657470, SS#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

Please find attached the closing memorandum and resignation letter regarding the resolution of the Yvonne Spaulding matter.

---

Dennis G. DaCosta
Deputy Director/Attorney
Teacher Performance Unit
NYC Department of Education
Office of the General Counsel
49-51 Chambers Street, Room 611
New York, NY 10007
T: (212) 374-6035
F: (212) 374-9298 (not for service)
ddacosta2@schools.nyc.gov (not for service)



**Department of Education**
Office of the Chancellor

**TEACHER PERFORMANCE UNIT**
OFFICE OF THE GENERAL COUNSEL
51 CHAMBERS STREET, RM. 611 NEW YORK, NY 10007

## MEMORANDUM

To: Emily Zucal
Principal
P.S. 309K

From: Naeemah Lamont
Director, Teacher Performance Unit

By: Dennis DaCosta

Date: May 17, 2011

Re: Closing matter of tenured teacher, Yvonne Spaulding, File# 657470, SS# 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, most-recently assigned to P.S. 309K, District 16, in Kings County

---

On May 3, 2011 Yvonne Spaulding submitted a letter (see attached), to Principal Zucal, whereby Spaulding resigned, "effective immediately." At the time Spaulding resigned she was about to be charged under Education Law §3020-a, for pedagogical incompetence, including for the period of the 2009-2010 and 2010-2011 school years. **As such, she is to be deemed to have irrevocably resigned from the New York City Department of Education.**

**A problem code should be entered and associated with this individual's file number.**

In consideration of the foregoing, the Office of the General Counsel is closing the disciplinary matter regarding Yvonne Spaulding. Please see to it that all pertinent parties within the Department and your district are informed of the same. If there are any questions regarding the above referenced matter, please contact Dennis DaCosta at (212) 374-6035.

```
USER: VCAMPBE  N.Y.C. PUBLIC SCHOOLS - EMPLOYEE INFORMATION SYSTEM       EI1MR01
05/24 08:28                    PERSON INQUIRY BY PTF                     PAGE  1

EIS ID:               EMPL ID:
YVONNE          SPAULDING          SSN: 128646442      SEN/REG: 16/
PROBLEM CODE:      PR - PROBLEM CODE                    CERTIFIED: YES
            PAY--STATUS--- ORG                    LST STF      STF      STF   USER
TRAN DATE   REC PTF FIN UNIT   JOB   POS    LIC  CDE RSN     DATE     STAT   ID
---------   --- --- --- -----  ----- -----  ---- --- ---   ----------  ----  -------
05 19 2011  S   B   7       16K309 GGPZE 787BQ 781B      DQC 05 03 2011 TRM   SVCCORR
05 04 2011  S   H   7       16K309 GGPZE 787BQ 781B      DQT 05 03 2011 TRM   SVCCORR
05 04 2011  S   H   7       16K309 GGPZE 787BQ 781B      DQT 05 03 2011 REG   G1SPNC2
02 14 2011  S   H   7     C 16K309 GGPZE 787BQ 781B      1RL 02 14 2011 REG   G1SPNC2
02 14 2011  S   B   7     C 16K309 GGMGR 781BQ 781B      2FH 02 03 2011 LWO   G1SPNC2
02 14 2011  S   B   7     C 16K309 GFD1F 781BQ 781B      TJN 09 07 2010 REG   G1SPNC2
02 14 2011  S   H   7       16K309 GGPZE 787BQ 781B      1RL 02 14 2011 REG   G1SPNC2
02 03 2011  S   H   7     C 16K309 GGMGR 781BQ 781B      2FH 02 03 2011 LWO   G1SPNC2
02 03 2011  S   H   7       16K309 GGMGR 781BQ 781B      2FH 02 03 2011 LWO   EBXR3


PROBLEM CODE EXISTS FOR EMPLOYEE

MORE DATA - USE F8 TO SCROLL
F1/HELP F3/MENU F4/WINDOW F5/PREV SCR    F7/PG BACK  F8/PG FORWARD    F12/QUIT
```

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

—Original Message—
From: Zucal Emily
Sent: Tuesday, May 31, 2011 12:10 PM
To: Amador Jamie
Cc: Dombrow Susan
Subject: RE: State Response Due 6/03/11 In the matter of Yvonne Spaulding
Sensitivity: Confidential

Great. I spoke with Susan regarding these questions this morning, so she knows what's up.

In the response to the claim that I told her that I could not give her a satisfactory rating due to the leave she took: Yvonne Spaulding received a U rating for the 2009-10 academic year based on her incompetence. I have already sent to your office all of the informal and formal observations from the 2009-10 academic year that reflect Ms. Spaulding's professional deficiencies. She appealed her U rating, and it was later upheld.

In response to the claim that I placed her in a grade that she did not choose: While it is true that Yvonne Spaulding did not indicate that teaching in a fifth grade classroom was her 1st, 2nd or 3rd preference for the 2010-11 academic year, I placed her in there, nonetheless. Based on her unsatisfactory performance in a kindergarten classroom during the 2009-10 school year, I felt that Ms. Spaulding was not well suited for another lower grade classroom. I placed Ms. Spaulding in a fifth grade classroom and was prepared on the first day of school this September with an Action Plan intended to support her towards success, and a satisfactory rating for the 2010-11 academic year. Ms. Spaulding grieved her classroom assignment and my decision to place her in a fifth grade classroom was upheld by the grievance hearing officer.

As for the actions taken regarding the administrative charges: I forwarded Ms. Spaulding's file to the TPU (Teachers Performance Unit) and it was their position that Ms. Spaulding could be brought up on charges of incompetence based upon the documentation in her file. I have forwarded all such documentation to you already. Ms. Spaulding resigned before such a time as TPU had decided to accept her case and charge her with incompetence.

As for the claimant's complaints regarding discrimination: Ms. Spaulding filed two charges of harassment (one based on her "medical disability status" and one based on "retaliation") against me with the EEOC. Senior Counsel Susan Dombrow drafted two position statements in my defense.

Please let me know what else, if anything, you need at this point.

Thanks so much,

Emily Elizabeth Zucal
Principal
P.S. 309 The George E. Wibecan Preparatory Academy
794 Monroe Street, Brooklyn, NY 11221
Phone. 718.574.2381
Fax. 718.453.0643

Please consider the environment before printing this email.



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

**Department of Education**
Dennis M. Walcott, Chancellor

Division of Human Resources and Talent
Office of Personnel Investigation
65 Court Street, Room 200 – Brooklyn, NY 11201

April 24, 2014

Yvonne Spaulding
195 Willoughby Avenue, #1410
Brooklyn, NY 11205

License/Title/Position: Substitute Teacher-Vendor
Applicant ID#: 0755908
PRP #: 51,342

Dear Ms. Spaulding:

The Chief Executive Officer of the Division of Human Resources and Talent, through his designee, has reviewed your application for employment. After a thorough review in accordance with the applicable provisions of law, your application has been denied.

The specific reason for the denial of your application is based upon due consideration of the following:

| Employer | Employment Range | Reason |
|---|---|---|
| New York City Department of Education | 1/18/1989 – 5/3/2011 | Irrevocable Resignation |

Your application is denied because, while working as a teacher with the New York City Department of Education at Public School 309K, you irrevocably resigned prior to being charged under Education Law 3020-a for pedagogical incompetence.

You were given the opportunity to review the above information with the Office of Personnel Investigation and to provide information in support of your application.

We have reviewed your entire file (including all information submitted by you during your interview) in making this decision.

Sincerely,

The Office of Personnel Investigation
Division of Human Resources & Talent (DHRT)
NYC Department of Education

cc: file



THE NEW YORK CITY DEPARTMENT OF EDUCATION

Department of Education
Carmen Fariña, Chancellor

Division of Human Resources and Talent
Office of Employee Relations
65 Court Street, Room 200 – Brooklyn, NY 11201

August 7, 2014

Yvonne Spaulding
195 Willoughby Avenue, #1410
Brooklyn, NY 11205

License/Title/Position: Substitute Teacher- Vendor
Applicant ID#: 0755908
PRP#: 51,342

Dear Ms. Spaulding,

I have reviewed your letter for reconsideration regarding the denial of your application due to your irrevocable resignation May 3, 2011. Thank you for your submission.

After due consideration and review of your case, I am affirming the original findings of your denial. You may reapply for security clearance no earlier than 12 months from the receipt of this letter and upon receiving a valid job offer.

Sincerely,

Katherine G. Rodi
Director, Office of Employee Relations

KGR/epc

cc: file

Phone (718) 935-2665...Fax (718) 935-4366/5778



CITY HALL OFFICE
250 BROADWAY, SUITE 1792
NEW YORK, NY 10007
(212) 788-7081
FAX: (212) 788-7712

DISTRICT OFFICE
1 HANSON PLACE, SUITE 201
BROOKLYN, NY 11243
(718) 260-9191
FAX: (718) 398-2808
lcumbo@council.nyc.gov

THE COUNCIL
OF
THE CITY OF NEW YORK
**LAURIE A. CUMBO**
COUNCIL MEMBER, 35TH DISTRICT, BROOKLYN

CHAIR
WOMEN'S ISSUES

COMMITTEES
CULTURAL AFFAIRS
FINANCE
HIGHER EDUCATION
PUBLIC HOUSING
YOUTH SERVICES

November 7, 2014

Yvonne Spaulding
195 Willoughby Avenue
Apartment #1410
Brooklyn, NY 11205

Dear Ms. Spaulding,

As a Member of the New York City Council, proudly representing the 35th District in Brooklyn, I would like to thank you for visiting my office and allowing my staff to assist you.

An inquiry was submitted to the Department of Education (DOE) on your behalf to address your irrevocable resignation. In response, your file was reviewed and it was noted that you signed an agreement that would bar you from any future employment with the Department. In order to reverse this decision, my office has been informed that you must contact your union or a private attorney.

If you have any questions or concerns, please contact my Constituent Affairs Liaison, Matthew Pitt at (718) 260 9191.

Yours in Partnership,

Laurie A. Cumbo
Member of the New York City Council



**Department of Education**
Carmen Fariña, Chancellor

# Office of Personnel Investigation Log Sheet
**\*\*Please Print Neatly and Complete All Fields\*\***

Date: 7/26/16                                    Time: 355

Last Name: Spaulding                 First Name: Yvonne

Social Security Number: 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

Mailing Address: 195 Willoughby Ave apt 1410
Brooklyn NY 11205

Email Address: yspauld102 @ aol.com

Phone Number: 718-230-9132

## Reason For Today's Visit/ Call

☐ Appointment with:_____
☐ Notify of an arrest
☐ Check on security clearance status
☐ Document(s) Submission
☐ Fingerprinting matter
☑ Other: Explanation of problem code

☑ Please check box if you <u>Do Not</u> give permission to be contacted via email to participate in a follow-up customer service survey

---

**FOR OFFICE USE ONLY**                PRP#_____

☑ ID checked    ☑ Walk-In    ☐ Phone Call

Response to Customer: — PC irrevocable resignation
Applicant needs a job offer — Claudia Avin

Action Required
☐ Please call back    Call returned _____ Initials____
☐ Review file        Reviewed by _____
☑ NO FURTHER ACTION  CA

# THE NEW YORK CITY DEPARTMENT OF EDUCATION
## 65 Court Street, Brooklyn, NY - 11201
### Employment Verification

Department of
Education

June 8, 2016

Yvonne Spaulding
Yvonne Spaulding
195 Willoughby Avenue, 1410
Brooklyn, NY-11205

## Verification of Employment

This letter is in response to a recent request made concerning the verification of service history for a New York City Department of Education (DOE) employee. The information contained in this report is current as of June 8, 2016.

### Employee Identification

| | |
|---|---|
| Employee Name | YVONNE SPAULDING |
| Employee's Address | 195 WILLOUGHBY AVENUE,1410,BROOKLYN,NY-11205 |
| Employee ID | 0755908 |
| EIS ID | 0657470 |
| SSN (Last 4 digits) | 6442 |

### Employment Details

| | |
|---|---|
| Employee Status | SEPARATED |
| Start Date of most recent Title | 09/07/1993 |
| Original Hire Date | 01/18/1989 |
| Termination Date | 5/3/2011 |
| Reason for Termination | VOLUNTARY |
| Current Title | TRTRQ-TEACHER |
| Tenure | YES |
| Tenure Date | 9/1/2002 |
| Pay Cycle | SEMI-MONTHLY |
| Hours per Week | 35 |
| Work Location | 16K309 - P.S. 309 THE GEORGE E. WIBECAN PREPARATORY ACADEMY |
| Full/Part-Time | FULL-TIME |
| 10-month/12-month Employee | 10 |
| Completed Probation | YES |
| Probation Date | 9/7/1994 |

# THE NEW YORK CITY DEPARTMENT OF EDUCATION
## 65 Court Street, Brooklyn, NY - 11201
### Employment Verification

Department of
Education

**Processed by:**

*Rosario Pelaez*

Rosario Pelaez

06/08/2016

**Date processed:**

**Verification Unit**

Please note the following:
- The school year runs from early September for the coming year through late June, consisting of approximately 185 to 195 days.
- Appointed teachers are annual, salaried teachers assigned to a full-time position (with full benefits).
- Tenure is contingent upon completion of probation and meeting all requirements for the license.
- Regular substitute teachers are annual salaried full-time substitute teachers assigned to full-time teaching positions. These positions receive most of the benefits of appointed teachers.
- Benefits information will be sent to you by the HR Connect Benefits department separately, if you requested this information.
- Reported income on W-2s may not match with the Year to Date information found on this report. If you need further assistance, please contact the Office of Payroll Administration at (212) 669-8555.
- If your request included pension information, this information can only be provided by submitting a request online. Please call HR Connect at (718) 935-4000 and ask for assistance on requesting pension employment verifications.
- If an employee has not completed a full quarter of work, there will not be any listing in the Quarterly Earnings table.
- Financial information on this report are calculated from July 1 through June 30.

Additional information for this employee is not available. Should you wish to clarify any of the information presented above, please feel free to contact HR Connect at (718) 935-4000.

Sincerely,

**From:** Yvonne Spaulding <yspauld102@aol.com>
**To:** yspauld102 <yspauld102@aol.com>
**Subject:** print !!! Fwd: This was their last offer
**Date:** Mon, Jan 9, 2017 1:33 am

Yvonne Spaulding
yspauld102@aol.com


-----Original Message-----
From: Stewart L. Karlin <slk@stewartkarlin.com>
To: yvonne spaulding <yspauld102@aol.com>
Sent: Wed, Dec 2, 2015 12:23 pm
Subject: This was their last offer

Please let me know if the last offer is acceptable. I will see if it is still on the table.


-- 80,000, inclusive of all costs and fees.
Please note that these are the only equitable terms we will offer.
-- neutral reference
-- remove all letters to the file that came after the FMLA leave
-- give NR rating for last year she was rated.
In return for voluntary dismissal with prejudice of all claims against all defendants and a statement / stipulation confirming the 2011 resignation is irrevocable.
Please note, again: we will not negotiate any "flags" or "problem codes." If your client cannot drop the other equitable terms from her demand, we will likely not be able to settle the case.

They will not budge on the irrevocable language. It is yes or no. We would split the 80K
--
Regards,

Stewart Lee Karlin for
Stewart Lee Karlin Law Group, P.C.
111 John Street, 22nd Floor
New York, New York  10038
(212) 792-9670/Office
(212) 732-4443/Fax
slk@stewartkarlin.com

--Please Note New Office Address Above --

*Florida Office*
Stewart Lee Karlin, Esq.
400 S.E. 8 Street
Fort Lauderdale, FL 33316
(954) 462-1201/Office

**NOTICE OF CONFIDENTIALITY**
This email transmission and any attachment(s) may contain confidential and proprietary information of the Law Offices of Stewart Lee Karlin, PC and may be legally privileged. This email transmission is intended solely for the addressee. If you are not the addressee, dissemination, copying or other use of this transmission or any of its content is strictly prohibited

**From:** Stewart L. Karlin <slk@stewartkarlin.com>
**To:** yvonne spaulding <yspauld102@aol.com>
**Subject:** Fwd: Spaulding
**Date:** Tue, Dec 15, 2015 10:09 am

You have continuing ignored by advise including the latest offer. As I previously explained to you, the offer you made does not make any sense at this point from their view point. The very most (and I doubt it) they would do is to put the offer they previously had back on the table. That would be a starting point. See email above.

---------- Forwarded message ----------
From: **Renaghan, Sean (Law)** <Srenagha@law.nyc.gov>
Date: Tue, Dec 15, 2015 at 9:59 AM
Subject: RE: Spaulding
To: "Stewart L. Karlin" <slk@stewartkarlin.com>

Stewart,

As I previously stated to you, while all of defendant's previous offers had been withdrawn prior to Judge Matsumoto's adoption of the report and recommendation, I was willing to attempt to get back to that level of authority if plaintiff made a demand that accorded with those earlier offers. The demand below exceeds these earlier rejected and withdrawn offers in both dollar amount (as it does not include an irrevocable resignation) and equitable relief. If you would like to make a revised demand prior to Thursday's settlement conference, please feel free to contact me. Otherwise, defendant does not understand plaintiff's current demand given the significantly narrowed nature of this case. Please remember that the sole remaining claim does not allow for recovery of non-pecuniary damages, such as emotional distress, and that plaintiff's constructive discharge claim is among those claims that have been dismissed. See Reyes v. N.Y. City Health & Hosps. Corp., 2012 U.S. Dist. LEXIS 123117, *15 (E.D.N.Y. Aug. 29, 2012).

Regards,

Sean

**Sean Renaghan**

Assistant Corporation Counsel

(212) 356-2452

**From:** stew@stewartkarlin.com [mailto:stew@stewartkarlin.com] **On Behalf Of** Stewart L. Karlin
**Sent:** Monday, December 14, 2015 2:01 PM
**To:** Renaghan, Sean (Law); yvonne spaulding
**Subject:** Spaulding

Here is what I have been authorized to communicate to you regarding settlement.

**$70,000.00**

**- removal of the toy confiscation investigation records**

**- removal of all negative file letters**

**- removal of U rating**

**- removal of any negative references**

**- PETS security clearance which will enable eligibility to apply for positions with the DOE and vendors of the DOE / no problem codes**

**- Court Order that disallows the DOE to have any discussion of my lawsuit**

**- the ability to review my DOE file before finalizing settlement.**

**Thanks**

On Tue, Dec 22, 2015 at 3:45 PM, Yvonne Spaulding <yspauld102@aol.com> wrote:
The FMLA retaliation damages for vendor jobs should have been included in my case and not considered as a separate retainer. These are clear damages that would have increased the demand amount and allowed for a more favorable settlement.

Will their agreement state that I have resigned irrevocably?

-----Original Message-----
From: Stewart L. Karlin <slk@stewartkarlin.com>
To: Yvonne Spaulding <yspauld102@aol.com>
Sent: Tue, Dec 22, 2015 3:37 pm
Subject: Re: Settlement Proposal

As you may recall, I told you that it would involve an entirely new proceeding and would cost additional money and a separate retainer. In any event, you can try (as we did) to include the claim in this case but they have basis to code your name, not providing 30 days notice, OSI substantiated finding, the U rating and about fifteen letters to file. The answer on the codes is there maybe one code left on your name regarding the OSI report. It could be we can work something out for vendors.

On Tue, Dec 22, 2015 at 3:18 PM, Yvonne Spaulding <yspauld102@aol.com> wrote:

Is their agreement going to state that:

- I must resign irrevocably
- I am not eligible to work for vendors of the DOE

I must know if there are going to be code problems beforehand in order to make any settlement agreements.

Why have you not pursued FMLA retaliation monetary damages for the vendor position denials that the U rating has caused? I provided you with supporting documents and this issue is in the courts record.

-----Original Message-----
From: Stewart L. Karlin <slk@stewartkarlin.com>
To: Yvonne Spaulding <yspauld102@aol.com>
Sent: Tue, Dec 22, 2015 2:36 pm
Subject: Re: Settlement Proposal

I have nothing in writing from them. My understanding is that it is the 50K (they do not have the amount officially on the table but will go back to them-the official offer is 25K), plus
-- neutral reference
-- remove all letters to the file that came after the FMLA leave
-- give NR rating for last year rated.
In return for voluntary dismissal with prejudice of all claims against all defendants

There are four possible codes of which they may agree to move 3 of them. The U rating, the resignation without 30 days notice and the resignation with charges pending. I am not sure regarding the fourth code and whether the OSI investigation triggers a code. I have agreed to represent you at no charge in the event of a code problem via an Art 78 proceeding if the matter settles. We will split 50/50 the settlement amount or have the court decide it whatever your prefer. Please note that if the matter goes forward, even if you win, the only code that will be removed would be the U rating code.

If the matter does settle, there will be a formal agreement.



| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SEAN RENAGHAN**<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>phone: 212-356-2452<br>fax: 212-356-2439<br>srenagha@law.nyc.gov |

April 26, 2016

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  Yvonne Spaulding v. NYC Department of Education
            12 Civ. 3041 (LDH)(VMS)

Dear Judge DeArcy Hall:

      I am the Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, assigned to represent Defendant New York City Department of Education ("DOE") in the above-referenced action. I write in response to plaintiff's[1] April 22, 2016 letter to the Court, in which plaintiff claims that the DOE has not complied with the settlement in this action. This action was previously settled and closed and plaintiff provides no basis for now invoking the jurisdiction of this Court.

      Following multiple conferences with Magistrate Judge Scanlon, wherein plaintiff was represented by counsel, the parties settled this action on the record before Magistrate Judge Scanlon on January 21, 2016. See Transcript, Dkt. No. 64. This settlement was then recorded in a formal settlement agreement signed by plaintiff's counsel, along with a general release, which also recounted the terms and was signed by plaintiff herself. As reflected in each of these documents, the settlement was purely monetary in nature, without any party agreeing to be bound by any equitable terms. Indeed, Plaintiff's requests to sanitize her DOE employment records, including a specific request to remove any code maintained in the DOE's electronic

---

[1] It appears that the April 22, 2016 letter was written directly by plaintiff, who has been represented during the litigation and settlement of this matter by Stewart Lee Karlin. As there is no indication that Mr. Karlin has withdrawn from his representation of plaintiff in this matter, this letter is being copied to Mr. Karlin, rather than plaintiff herself, in order to avoid any potential for ex parte communication with a represented party.

records reflecting the circumstances of plaintiff's separation from employment with the DOE, were rejected and excluded from the final settlement. Accordingly, the settlement agreement provides absolutely no basis for plaintiff to challenge the status of her employment records with the DOE.

Moreover, I have conferred with the DOE and have been informed that plaintiff's employment record with the DOE remains unchanged and continues to accurately reflect plaintiff's resignation. Plaintiff resigned without providing the requisite notice and in lieu of facing disciplinary charges. Plaintiff was well aware that this was reflected in her DOE records prior to the settlement of this matter because, as noted above, it was a matter of discussion during settlement negotiations. Plaintiff's awareness of this fact is also reflected in Magistrate Judge Scanlon's report and recommendation on the DOE's motion for summary judgment, wherein Magistrate Judge Scanlon restated the undisputed facts: that plaintiff resigned after having received several disciplinary letters and poor performance reviews and while a separate investigation into allegations of misconduct by plaintiff was pending. See Report and Recommendation, Dkt No. 45, at 27-46. Indeed, plaintiff has admitted that she decided to resign, at least in part, "in anticipation of [disciplinary] charges being served" upon her. See id. at 44. Accordingly, not only does the settlement agreement provide no basis for plaintiff to raise the instant objection, but plaintiff is barred from challenging the status of her records by the general release she signed as part of that agreement.

Finally, plaintiff appears to ask that *all* records in this case be sealed. Not only was it plaintiff herself who made these matters an issue of public record by bringing this action, but plaintiff also failed to make any request during the course of litigation to have these records sealed.[2] Accordingly, defendant is not aware of any reason that overcomes the "presumptions in favor of public access to court proceedings and records" that would allow for the sealing of *all* records, particularly now that the matter has been settled and is closed. See Newsday LLC v. County of Nassau, 730 F.3d 156, 163-64 (2d Cir. 2013).

Respectfully submitted,

/s/
Sean R. Renaghan
Assistant Corporation Counsel

cc: Stewart Lee Karlin, Esq. (via ECF and e-mail)
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, New York 10007

---

[2] To the extent that any documents in this matter have been sealed, that step appears (as the undersigned was not assigned to this matter at the time) to have been taken *sua sponte* by Magistrate Judge Scanlon in an effort to protect the names of minor children and resulted in the public re-filing of redacted versions of the relevant records. See Dkt. Nos. 32-44.

Attn: Magistrate Judge Scanlon

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 10 2017 ★
BROOKLYN OFFICE