UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YVONNE SPAULDING,

                              Plaintiff,

                                                         **ORDER**
          -against-                      12-CV-3041 (LDH) (VMS)

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                              Defendant.
------------------------------------------------------------------x

LaSHANN DeARCY HALL, United States District Judge:

On December 28, 2016, United States Magistrate Judge Vera M. Scanlon issued a report and recommendation (the "Report and Recommendation"), which recommended that this Court deny Plaintiff Yvonne Spaulding's motion to vacate the settlement agreement, entered into between Plaintiff and Defendant New York City Department of Education. (*See* Pl.'s Mot. to Vacate, ECF No. 66; Stipulation of Dismissal, ECF Nos. 63, 65.) Any written objections to the Report and Recommendation had to be filed with the Clerk of Court within fourteen (14) days of the date of service of the report; responses to any objections were due fourteen (14) days thereafter. *See* Fed. R. Civ. P. 72(b)(2).

Plaintiff has filed a letter, with exhibits, which was received by this Court on January 10, 2017. (Pl.'s Jan. 10, 2017 Letter, ECF No. 78.) Although not identified as an objection, because Plaintiff is proceeding pro se, the Court, as it must, construes her letter as an objection to the Report and Recommendation, and interprets it to raise the strongest arguments that it suggests. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir.1993)). The Court reviews the portions of the Report and Recommendation to which

1

Plaintiff objects under a *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(1),(3); 28 U.S.C. § 636(b)(1)(C).

Even under the more liberal standard afforded to pro se litigants, however, Plaintiff has failed to raise any specific objections to the findings of fact and conclusions of law that are set forth in the Report and Recommendation. Rather, Plaintiff has merely repeated arguments that were raised in her original motion to vacate the settlement agreement and subsequent correspondence to the Court. (*See* Pl.'s Mot. to Vacate; Pl.'s May 2, 2016 Letter, ECF No. 68; Pl.'s July 27, 2016 Letter, ECF No. 73.) Similarly, Plaintiff's "objection" seeks virtually the same relief that she sought in her motion to vacate, as well as throughout the course of this litigation. (*See* Pl.'s Mot. to Vacate; R. & R., at 5, 8-11, ECF No. 77 (explaining relief sought during litigation).) The Court finds Plaintiff's "objection" to be inadequate under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)"); *Rothenberger v. N.Y.C. Police Dep't*, No. 06-cv-868, 2008 WL 2435563, at *1 (E.D.N.Y. June 16, 2008) (rejecting pro se plaintiff's basis for objection, in part, because it was "little more than a list of documents and facts that he believe[d] the court should have considered in arriving at its findings").

Finally, the Court agrees with the findings of the Report and Recommendation that Plaintiff has failed to satisfy the standard for a motion pursuant to Federal Rule of Civil Procedure 60, which permits a court to relieve a party from a judgment where there is evidence of "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Court finds

there is no evidence that Plaintiff was induced into entering the settlement agreement by fraud, misrepresentation, or any other misconduct by Defendant.

No other objections have been filed to the Report and Recommendation. As to the remaining portions of the Report and Recommendation, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)) (internal quotation marks and citations omitted). The Court has reviewed the Report and Recommendation, as well as the entire record, and determined there was no such error.

## CONCLUSION

Accordingly, having reviewed the record and the remaining portions of the Report and Recommendation for clear error and, finding none, the Court hereby adopts Magistrate Judge Scanlon's Report and Recommendation in its entirety as the opinion of this Court. Plaintiff's motion to vacate the settlement agreement is hereby denied in its entirety. The Clerk of Court is directed to enter judgment and close this case accordingly.

Dated: March 31, 2017
      Brooklyn, New York

SO ORDERED:

    /s/ LDH
LaSHANN DeARCY HALL
United States District Judge